UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

    Plaintiff,

v.                              CASE NO.: 3:10-CV-658-J-99TJC-JRK

CAMAR ENTERPRISES, INC and
HALL-MOORE MEDICAL SUPPLIES, INC.,

    Defendant.

_____/

## ANSWER TO COMPLAINT

The Defendant, Hall-Moore Medical Supplies, Inc., answers the respective paragraphs of the Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only.

2. Without knowledge.

3. Without knowledge.

4. Without knowledge.

5. Without knowledge.

6. It is admitted that the Defendant, Hall-Moore Medical Supplies, Inc. (referred to as "Hall-Moore"), is a commercial tenant at the leased premises located at 6539 Powers Avenue, Suites 3 and 4, Jacksonville, Florida (the "Leased Premises"). Hall-Moore does not have possession or control of any portion of the real property that is the subject of this lawsuit other than the Leased Premises, and the possession and control of the Leased Premises is governed by the terms of a written lease agreement. The remainder of the allegation is denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. It is admitted that a portion of the Leased Premises located at 6539 Powers Avenue, Suites 3 and 4, is open to the general public and is a public accommodation for this reason. However, it is denied that the entire Leased Premises is a public accommodation.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. It is admitted that the Court has the authority as alleged.

24. The Defendant Hall-Moore denies all allegations that were not specifically admitted above.

## AFFIRMATIVE DEFENSES

25. The Leased Premises was constructed before adoption of the Americans with Disabilities Act (the "ADA"). For this reason, the new construction standards are not applicable to the Leased Premises.

26. There are no modifications required at the Leased Premises to satisfy the "barrier removal" standard of the ADA. Alternatively, removal of any such barriers are not readily achievable without significant effort and expense.

27. Although Hall-Moore's business location at the Leased Premises is open to the general public, the vast majority of Defendant's customers do not visit the Leased Premises and only occasionally do customers of Hall-Moore visit the Leased Premises. For these reasons, Hall-Moore has adopted a written policy that the front entrance of the Leased Premises is locked at all times and will be unlocked by a Hall-Moore employee if a customer rings the doorbell at the entrance to the Leased Premises. A copy of the written policy is attached as **Exhibit A.** The policy is consistently and uniformly applied to every customer of Hall-Moore who chooses to visit the Leased Premises in person. The entrance to the Leased Premises is Suite 3. Suite 4 of the Leased Premises is not open to the general public.

28. As noted above, most of Hall-Moore's customers conduct business with Hall-Moore without visiting the Leased Premises in person and it is not required for a customer to visit the Leased Premises for that customer to enjoy the goods and services of Hall-Moore.

29. The restrooms within the Leased Premises are for employees of Hall-Moore only and are not made available for use by customers or other members of the general public. The Defendant Hall-Moore adopted a written policy dated August 17, 2010 limiting the use of the restrooms to employees of Hall-Moore. A copy of the written policy is attached as **Exhibit B.**

30. The parking lot and parking spaces are not included within the Leased Premises and the Defendant Hall-Moore does not have possession or control of the parking lot, including ingress and egress to and from the parking lot.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: _____
Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
225 Water Street, Suite 1200
Jacksonville, FL 32202
(904) 345-3280 Telephone
(904) 345-3294 Facsimile

*Attorneys for Hall-Moore Medical Supplies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Todd W. Shulby, 4705 S.W. 148th Avenue, Davie, Florida 33330, and Michael J. Korn, Korn & Zehmer, P.A., 800 West Monroe Street, Jacksonville, Florida 32202. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Jordan R. Biehl, Korn & Zehmer, P.A., 800 West Monroe Street, Jacksonville, Florida 32202.

_____
ATTORNEY