UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN HOEWISCHER

        Plaintiff,        CASE NO.: 3:10-CV-658-J-99TJC-JRK

vs.

CAMAR ENTERPRISES, INC. and
HALL-MOORE MEDICAL SUPPLIES, INC.

        Defendants.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
IN RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendant, CAMAR ENTERPRISES, INC., (hereinafter "Defendant") by and through undersigned counsel and pursuant to all applicable Federal Rules of Civil Procedure, hereby serves its Answer and Affirmative Defenses in Response to Plaintiff's Complaint and states as follows:

**JURISDICTION**

1. Defendant admits the Court has jurisdiction of ADA Title III claims.

**PARTIES**

2. Defendant denies for lack of knowledge and demands strict proof thereof.

3. Defendant denies for lack of knowledge and demands strict proof thereof.

4. Defendant denies for lack of knowledge and demands strict proof thereof.

5. Defendant denies for lack of knowledge and demands strict proof thereof. If Plaintiff has suffered, he has not made that known to this Defendant.

6. Defendant admits it is the property owner. Otherwise, denied and Defendant demands strict proof thereof.

## FACTUAL ALLEGATIONS AND CLAIM

7. Admitted that Plaintiff has correctly referenced the Americans with Disabilities Act (hereinafter "ADA") enacted July 26, 1990.

8. Admitted that Plaintiff has correctly cited a portion of the findings in Paragraph 8, subparts (i)-(v), of the Complaint that are contained within the ADA.

9. Admitted that Plaintiff has correctly cited a portion of the purposes in Paragraph 9, subparts (i)-(iii), of the Complaint that are contained within the ADA.

10. Admitted.

11. Denied.

12. Admitted.

13. Denied.

14. Denied for lack of knowledge as to Plaintiff.

15. Denied for lack of knowledge as to Plaintiff.

16. Denied.

17. Denied.

18. Denied.

19. Denied. Defendant has not been discriminated against nor damaged by this Defendant because the physical barriers, dangerous conditions and ADA violations alleged by Plaintiff are non-existent or are so minor in nature as to constitute no real barrier or impediment to the disabled.

20. Denied. There are no known or apparent physical barriers, dangerous conditions, ADA violations nor impediments.

21. Denied. There are no known or apparent physical barriers, dangerous conditions, ADA violations nor impediments.

22. Denied. Plaintiff is a serial litigant who seeks out allegedly noncompliant places of public accommodation with the primary purpose of suing, not seeking any product or service available at said facility.

23. Admit the authority of the Court. However, no Court compulsion shall be necessary.

## AFFIRMATIVE DEFENSES

24. As a First Affirmative Defense, the Complaint fails, in whole or in part, to state a cognizable claim upon which relief can be granted in accordance with the ADA.

25. As a Second Affirmative Defense to the Complaint, the Plaintiff has failed to mitigate his damages, if any, assuming Plaintiff has suffered any damages as a result of wrongful actions or inactions of this Defendant in accordance with the ADA.

26. As a separate and Third Affirmative Defense to the Complaint, certain of the accommodations requested by Plaintiff do not constitute "'reasonable accommodations'" under the ADA and would create an "undue hardship" to Defendant if the requested accommodations were implemented.

27. As a separate and Fourth Affirmative Defense to the Complaint, whereas, the Plaintiff has failed to identify any date(s) that he allegedly suffered any direct or indirect injury or harm, some or all of the Plaintiff's claims are barred, in whole or in

part, by the applicable statute of limitations.

28. As a separate and Fifth Affirmative Defense to the Complaint, Defendant reserves the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

WHEREFORE, having fully answered the Complaint, Defendant hereby prays that this Court deny Plaintiff's request for injunctive relief and enter judgment in Defendant's favor and award taxable costs to Defendant as the prevailing party in this action and any other relief this Court deems appropriate under the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via regular U.S. Mail and electronic Court filing to: **Todd W. Shulby, Esquire**, TODD W. SHULBY, P.A., 4705 S.W. 148 Ave., Suite 102, Fort Lauderdale, FL 33330-2417 on this 24th day of August, 2010.

/s/ Joseph T. Metzger, Esquire
JOSEPH T. METZGER, ESQUIRE
Florida Bar No.: 894478
**METZGER LAW GROUP, P.A.**
4100 W. Kennedy Blvd., Suite 213
Tampa, Florida 33609
(813) 288-2650 Telephone
(813) 288-2670 Fax
jtm@metzgerlaw.net
Trial Counsel for the Defendant,
CAMAR ENTERPRISES, INC.